IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, acting in its capacity as liquidating agent for Taupa Lithuanian Credit Union, Inc. | ) ) ) ) ) | CASE NO. <br><br> JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JOHN W. STRUNA <br> 7540 Wentworth Ln <br> Concord, OH 44060 | ) ) ) ) | **COMPLAINT** |
| VILIJA V. STRUNA <br> 7540 Wentworth Ln <br> Concord, OH 44060 | ) ) ) ) | |
| J.W.S. Cement Contractors, Inc. <br> c/o John W. Struna, Statutory Agent <br> 7540 Wentworth Ln <br> Concord, OH 44060 | ) ) ) ) ) | |
| The Wentworth Group, LLC <br> c/o John W. Struna, Statutory Agent <br> 7540 Wentworth Ln <br> Concord, OH 44060 | ) ) ) ) ) | |
| Defendants. | ) | |

**PARTIES, JURISDICTION, AND VENUE**

1. The National Credit Union Administration (the "NCUA") is an independent agency of the executive branch of the United States government that insures both federal and state chartered credit unions. The NCUA is managed by the National Credit Union Administration Board (the "NCUA Board") pursuant to 12 U.S.C. § 1752(a).

2. At all times relevant herein, Taupa Lithuanian Credit Union, Inc. ("Taupa") was a state chartered and federally insured credit union with its principal place of business located at 767 E. 185th St., Cleveland, Ohio 44119. Thus, Taupa was an "insured credit union" within the meaning of 12 U.S.C. § 1752(7).

3. On or about July 12, 2013 (the "Liquidation Date"), the Superintendent of the Ohio Division of Financial Institutions issued an Order Revoking the Articles of Incorporation of Taupa and Appointing a Liquidating Agent (*i.e.,* the NCUA Board) (the "Revocation Order"). *See,* Exhibit A attached hereto. The NCUA Board accepted the appointment as Liquidating Agent pursuant to the applicable provisions of 12 U.S.C. § 1787(a)(1)(A) and § 1787(j). *See,* Exhibit B attached hereto.

4. Upon information and belief, defendants John Struna ("Struna") and Vilija Struna ("Vilija") are husband and wife and are individuals residing in Lake County, Ohio whose last known address is as stated in the caption of this Complaint.

5. Upon information and belief, defendant J.W.S. Cement Contractors, Inc. ("JWS") is a corporation, which, prior to the cancellation of its Articles of Incorporation by the Ohio Department of Taxation on February 6, 2007, was duly organized and existing under the laws of the State of Ohio, principally located at 7540 Wentworth Lane, Concord, Ohio 44060, and found at the address of John W. Struna, its statutory agent, as stated in the caption of this Complaint.

6. Upon information and belief, defendant The Wentworth Group, LLC ("Wentworth") is a limited liability company, duly organized and existing under the laws of the State of Ohio, principally located at 7540 Wentworth Lane, Concord, Ohio 44060, and found at the address of John W. Struna, its statutory agent, as stated in the caption of this Complaint.

7. This Court has jurisdiction over this matter in accordance with 28 U.S.C. §§ 1331 and 1345 as the Liquidating Agent's claims in this case arise under the laws of the United States including, without limitation, the Federal Credit Union Act as codified at 12 U.S.C. § 1751 *et seq*. Further, this Court has jurisdiction over this matter in accordance with 12 U.S.C. § 1789(a)(2) as this matter involves claims seeking to avoid transfers of property prohibited by 12 U.S.C. § 1787(b)(16) and includes claims against a party, Wentworth, that upon information and belief was not a member at Taupa.

8. According to 12 U.S.C. § 1789(a)(2), "[a]ll suits of a civil nature at common law or in equity to which the [NCUA] Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy."

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b), as Defendants are residents of this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

**BACKGROUND**

10. Struna and Vilija opened and maintained joint share accounts at Taupa, namely, accounts numbered 1040 and 3376 (the "Struna Share Accounts").

11. Struna and/or Vilija caused Defendant JWS to open and maintain share accounts at Taupa, namely, accounts numbered 3030 and 3031 (the "JWS Share Accounts").

12. Struna, individually or together with Defendants Vilija and/or JWS engaged in a pattern to defraud Taupa and unjustly enrich himself, Vilija and JWS, by obtaining funds from

3

Taupa through checks drawn on and withdrawals from the Struna Share Accounts and JWS Share Accounts (collectively, the "Accounts").

13. Struna, Vilija and JWS did not maintain sufficient funds in the Accounts to cover the substantial withdrawals from the Accounts, and Struna, Vilija and JWS did not deposit sufficient funds into the Accounts to cover the substantial withdrawals from the Accounts.

14. As a result of the substantial withdrawals from the Accounts, Struna, individually or together with Vilija and JWS, caused the Accounts to be overdrawn by an amount in excess of $1,000,000.00 as of the Liquidation Date. Taupa's record retention policies prevented the Liquidating Agent from computing the extent of excess withdrawals prior to 2001, however, upon information and belief, Struna commenced his conduct in the mid-1990s.

15. In order to overdraw the Accounts, Struna, individually or together with Vilija and/or JWS, required the cooperation of Alex Spirikaitis, the former Chief Executive Officer of Taupa. Alex Spirikaitis has plead guilty in the United States District Court, Northern District of Ohio, Case No. 13-MJ-02105, for his conduct in misappropriating for his benefit and that of others, including Defendants herein, Taupa's funds, then covering the same up to mislead regulators and examiners.

16. Upon information and belief, from in or around December 2002, through on or about July 12, 2013, Struna, individually or together with Vilija and/or JWS, regularly contacted Spirikaitis and requested approval from Spirikaitis, or otherwise had an arrangement with Spirikaitis, to withdraw additional funds from the Accounts, which because of the substantial overdrawn status of the Accounts, required Spirikaitis to transfer funds from multiple Taupa internal accounts controlled by Spirikaitis to cover Struna's overdrafts. Specifically, Spirikaitis

maintained fictitious deposit accounts, including accounts 5001 and 5002, which were used to cover the overdrafts on the Struna Share Accounts and the JWS Share Accounts.

17. The overdrafts of the Accounts were not loans obtained by Struna, Vilija or JWS, from Taupa as Struna, Vilija and JWS did not follow Taupa's loan procedures to obtain such funds.

18. In total, the overdrafts on the Struna Share Accounts and JWS Share Accounts are in excess of $1,000,000.00, which amount is due and owing to the Liquidating Agent.

19. Struna, individually and together with the other Defendants, used the overdraft funds to, among other things, acquire real property in Florida, purchase and operate a Sunny Street Café franchise, invest in a silver investment opportunity in South Carolina, and maintain a lifestyle otherwise beyond his means.

20. Struna even misrepresented his assets when applying for the Sunny Street Café franchise by representing in financial statements provided to the franchisor that he had over $600,000 in an account at Taupa when he knew such funds did not exist. Struna also listed Alex Spirikaitis as a reference on the franchise application, and further described Spirikaitis as the contact person for Taupa, whereat Struna purported to maintain substantial assets.

21. Struna's access to seemingly unlimited funds at Taupa enabled him to make speculative investments, in hopes of a big return, as evidenced by his $100,000.00 investment with Atlantic Bullion & Coin Co., which itself turned out to be a Ponzi scheme. Struna, on checks drawn on the Struna Share Accounts, invested with Atlantic Bullion & Coin Co., $25,000.00 on November 21, 2011, $25,000.00 on December 15, 2011, $25,000.00 on December 18, 2011, and $25,000.00 on December 20, 2011.

22. Struna, on about September 23, 2009, on checks drawn on the Struna Share Accounts paid $35,000 to Rise & Dine Restaurants, Inc., as the franchisor, to acquire and operate a Sunny Street Café franchise ("Sunny Street"). Further checks were drawn on the Struna Share Accounts to fund Sunny Street's operations. Sunny Street is operated at the location set forth in a lease agreement, dated November 19, 2009, by Defendant Wentworth (the "Wentworth Lease"). Upon information and belief Defendant Wentworth is owned by Struna and/or Vilija. The Wentworth Lease contains terms and conditions that have enabled Sunny Street to thrive including, but not limited to, restricting competitive establishments from entering into a lease in the nearby vicinity.

23. Struna continued to own Sunny Street until January 8, 2014, at which time he transferred Sunny Street with the intent to hinder, delay or defraud the Liquidating Agent, by assigning the franchise to Vilija, his wife. The assignment to Vilija occurred immediately prior to an Information filed against Struna by the United States of America, Case No. 14CR009 in the United States District Court for the Northern District of Ohio.

24. The Information against Struna was later withdrawn, and on August 20, 2014, an Indictment was returned against Struna in the United States District Court for the Northern District of Ohio in Case No. 14CR00275.

**COUNT ONE-Conversion (Struna)**

25. The Liquidating Agent hereby restates and incorporates by reference each of the allegations set forth above as if fully rewritten herein.

26. By engaging in the conduct set forth in the preceding allegations, Struna unlawfully and maliciously converted the funds obtained from Taupa without any intention of ever repaying the same and with the intent of permanently depriving Taupa of its property rights.

27. At all times relevant to the claims asserted herein, Taupa lawfully owned and/or had the right to possession of the funds that were obtained through Struna's numerous overdrafts on the Accounts.

28. By operation of law, the Liquidating Agent has succeeded to all rights, title, authorities, and interests of Taupa including, without limitation, its ownership interest in the funds that were unlawfully converted by Struna.

29. At all times relevant, Struna converted the overdrawn funds that were cashed and/or deposited outside of Taupa, an amount in excess of $1,000,000.00.

30. As a result of Struna's conversion of Taupa's funds, the Liquidating Agent has sustained a loss in an amount in excess of $1,000,000.00.

31. In addition, Struna's actions, as described herein, constitute multiple theft offenses under Ohio law as defined in Ohio Revised Code § 2913.01. Accordingly, as the victim of multiple theft offenses committed by Struna, the Liquidating Agent is hereby seeking all appropriate relief available under Ohio Revised Code §§ 2307.60 and 2307.61.

32. Pursuant to Ohio Revised Code § 2307.61(A)(1)(b), the Liquidating Agent is hereby asserting liquidated damages against Struna, in addition to all other statutory relief provided thereunder, in the amount of three times the value of the funds that were unlawfully converted by Struna. The amount converted, which at this time is known to be in excess of $1,000,000.00, will be proven at trial.

**COUNT TWO-Unjust Enrichment (Struna, Vilija and JWS)**

33. The Liquidating Agent hereby restates and incorporates by reference each of the allegations set forth above as if fully rewritten herein.

34. Struna, individually or together with Defendants Vilija and/or JWS, and for the benefit of all Defendants named herein, opened and obtained substantial proceeds through the Struna Share Accounts and the JWS Share Accounts.

35. Vilija was a joint account holder on the Struna Share Accounts. The JWS Share Accounts were opened and controlled by either or both of Struna and Vilija.

36. The aggregate overdraft of the Struna Share Accounts and the JWS Share Accounts is in excess of $1,000,000.00, which amount is due and owing to the Liquidating Agent.

37. Struna, Vilija and JWS received a benefit from the retention and use of funds obtained from Taupa through overdrafts on the Struna Share Accounts and the JWS Share Accounts, and Struna, Vilija and JWS continue to receive a benefit by their failure to repay the amounts due and owing.

38. At all times relevant, Struna, Vilija and JWS had knowledge of the benefit conferred from their retention and/or use of the funds overdrawn on the Struna Share Accounts and the JWS Share Accounts.

39. At all times relevant, the retention and continued use of the overdrawn funds by Struna, Vilija and JWS has occurred under circumstances where it would be unjust to permit Struna, Vilijas and JWS to retain the benefit without repayment to the Liquidating Agent of the funds overdrawn from the Struna Share Accounts and the JWS Share Accounts.

40. Accordingly, Struna, Vilija and JWS have been and continue to be unjustly enriched by their retention and use of the funds reflected as overdrawn on the Struna Share Accounts and the JWS Share Accounts, an amount in excess of $1,000,000.00, plus interest as deemed just and appropriate by the Court.

41. As a result of Struna, Vilija and JWS' unjust enrichment resulting from their retention of the funds overdrawn on the Struna Share Accounts and the JWS Share Accounts, the Liquidating Agent has and continues to be damaged in an amount in excess of $1,000,000.00, plus interest as deemed just and appropriate by the Court.

### COUNT THREE-Fraudulent Transfer: 12 U.S.C. § 1787(b)(16)

### (Struna, Vilija and Wentworth)

42. The Liquidating Agent hereby restates and incorporates by reference each of the allegations set forth above as if fully rewritten herein.

43. Upon information and belief, Sunny Street was generating average weekly net sales of approximately $15,000 as of January 2014.

44. Despite averaging weekly net sales of $15,000, John Struna assigned all rights, title and interest to Sunny Street to Vilija, his wife, pursuant to a certain Assignment of Franchise Agreement and Consent (the "Assignment"). The Assignment did not require Vilija to pay any consideration for Sunny Street. Upon information and belief, the Assignment also included granting Vilija the right to continue operating Sunny Street at the location and in accordance with the terms of the Wentworth Lease.

45. The Assignment was entered into by Struna and Vilija on January 8, 2014, a mere five days prior to the date of the Information filed against Struna.

46. Struna's transfer of Sunny Street to Vilija was done with the intent to hinder, delay or defraud the Liquidating Agent.

47. In accordance with 12 U.S.C. § 1787(b)(16)(A) and (B), the Liquidating Agent may avoid the transfer of Sunny Street by Struna to Vilija and recover Sunny Street, or if ordered by a Court, the value of Sunny Street.

48. The Liquidating Agent respectfully demands that the transfer of Sunny Street to Vilija be avoided, and that Sunny Street be recovered by the Liquidating Agent and that the Wentworth Lease be assigned to the Liquidating Agent to enable the continuation of Sunny Street uninterrupted; alternatively, the Liquidating Agent respectfully demands Vilija remit to the Liquidating Agent an amount equal to the value of Sunny Street as of the date of the Assignment.

WHEREFORE, Plaintiff, the National Credit Union Administration Board, acting in its capacity as Liquidating Agent for Taupa Lithuanian Credit Union, Inc., demands judgment against Defendants in its favor as follows:

1. Count One: Pursuant to Ohio Revised Code § 2307.61(A)(1)(b), the Liquidating Agent seeks judgment against Defendant John Struna in the amount of three times the value of the funds that were unlawfully converted, an amount in excess of $75,000.00, in addition to all other statutory relief provided thereunder.;

2. Count Two: Judgment against Defendants John Struna, Vilija Struna and Defendant J.W.S. Cement Contractors, Inc., in an amount in excess of $75,000.00, plus interest together with such other relief as this Court deems appropriate, just and equitable.

3. Count Three: Judgment against Defendant John Struna and Defendant The Wentworth Group, LLC for fraudulent transfer and against Defendant Vilija Struna avoiding the Sunny Street assignment, and that Sunny Street and all rights under the Wentworth Lease be recovered by the Liquidating Agent; alternatively, the Liquidating Agent demands from Defendant Vilija Struna an amount in excess of $75,000.00, plus interest together with such other relief as this Court deems appropriate, just and equitable.

Respectfully submitted,

*/s/ Matthew C. Miller*_____
Matthew C. Miller (0084977)
Samuel J. Lauricia III (0078158)
Randy Taylor (0069529)
Robert E. Goff, Jr. (0069818)
**WESTON HURD LLP**
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, Ohio 44114-1862
Phone: (216) 241-6602; Fax: (216) 621-8369
E-mail: MMiller@westonhurd.com
SLauricia@westonhurd.com
RTaylor@westonhurd.com
RGoff@westonhurd.com
*Attorneys for Plaintiff, National Credit Union Administration Board, acting in its capacity as Liquidating Agent for Taupa Lithuanian Credit Union, Inc.*